OPINION OF THE COURT
Per Curiam.
Respondent was admitted to the practice of law by this Court on June 26, 1986. On December 16, 2014, the Grievance Com *103 mittee filed proof that, on August 5, 2014, she was convicted upon her plea of guilty in the Circuit Court of the Eleventh Judicial Circuit for Miami-Dade County of grand theft in the second degree in violation of Florida Statutes § 812.014 (2) (b) (1), a felony. In pleading guilty to one count of an 86-count indictment, respondent admitted that she stole property with a value of $20,000.
By order entered January 21, 2015 (125 AD3d 1459 [2015]), this Court suspended respondent and directed her to appear and show cause why a final order of discipline should not be entered striking her name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (a) and (b). Respondent thereafter waived her appearance before this Court and stated that she was not contesting the entry of a final order of discipline.
We agree with the Grievance Committee that the Florida felony of which respondent was convicted, if committed in New York, would constitute grand larceny in the third degree in violation of Penal Law § 155.35 (1), a class D felony. The elements of the Florida felony are met when a person steals property valued at $20,000 or more, while the elements of grand larceny in the third degree are met when the value of the stolen property exceeds $3,000. Inasmuch as the property value threshold for the Florida felony exceeds the property value threshold applicable to the New York felony, we conclude that those crimes are essentially similar and respondent was disbarred by operation of law upon her conviction (see Judiciary Law § 90 [4] [a], [e]; see generally Matter of Johnston, 75 NY2d 403, 405 [1990]). Accordingly, her name is stricken from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b).
Centra, J.P., Peradotto, Lindley, Whalen and DeJoseph, JJ., concur.
Order of disbarment entered.